Maiga Prods. Corp. v MVAIC (2020 NY Slip Op 50993(U))

[*1]

Maiga Prods. Corp. v MVAIC

2020 NY Slip Op 50993(U) [68 Misc 3d 131(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1641 K C

Maiga Products Corp., as Assignee of
Jean-Baptiste, Gerard, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Barbara Carabell of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered May 3, 2018. The judgment, entered pursuant to a decision of that court
dated March 8, 2018, after a nonjury trial, awarded plaintiff the principal sum of $1,610.19.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
March 8, 2018 is deemed a premature notice of appeal from the judgment entered May 3, 2018
(see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from a judgment, after a nonjury trial, awarding plaintiff the principal sum of
$1,610.19.
At the outset of the trial, the parties noted that, by a prior order, the issues for trial would be
limited (see CPLR 3212 [g]) to whether there was coverage for plaintiff's claims by
defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) and
whether plaintiff's assignor owned the allegedly uninsured vehicle. The only witness at trial was
an employee of MVAIC, who testified that plaintiff's assignor had appeared for an examination
under oath and that the assignor was the de facto owner of the vehicle he was operating at the
time of the accident (see generally Vehicle and Traffic Law § 128).
Proof that a claimant is a resident of the State of New York who is not the owner of the
uninsured motor vehicle is a condition precedent to the claimant being a "qualified person"
(Insurance Law § 5202 [b]) and, thus, potentially eligible to be deemed to be a "covered
person" (Insurance Law § 5221 [b] [2]) who would be entitled to recover no-fault benefits
from MVAIC. Plaintiff did not establish that its assignor was not the owner of the uninsured
vehicle he was driving when the accident occurred. In view of the foregoing, plaintiff failed to
establish its prima facie case (see Insurance Law §§ 5202 [b]; 5208, 5221 [b]
[2]; Advanced Chiropractic of NY, P.C.
v MVAIC, 56 Misc 3d 134[A], 2017 NY Slip Op 50955[U] [App Term, 2d Dept, 2d,
[*2]11th & 13th Jud Dists 2017]; see also Barillas v Rivera, 32 AD3d
872 [2006]), and we reach no other issue. 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of defendant dismissing the complaint.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020