Medical Supply Depot Group Corp. v MVAIC (2025 NY Slip Op 50844(U))

[*1]

Medical Supply Depot Group Corp. v MVAIC

2025 NY Slip Op 50844(U)

Decided on May 14, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 14, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-298 K C

Medical Supply Depot Group Corp., as Assignee of Izevbizua, Shamecka, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Angelique Evangelista and Frank D'Esposito of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Saul Stein, J.), entered December 14, 2023. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's cross-motion for summary judgment, made findings of fact in plaintiff's favor.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, defendant's motion for summary judgment dismissing the complaint is granted and the provision limiting the issues for trial is stricken.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC) appeals from so much of an order of the Civil Court (Saul Stein, J.) entered December 14, 2023 as denied defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's cross-motion for summary judgment, made findings of fact in plaintiff's favor.
In support of its motion for summary judgment dismissing the complaint, MVAIC annexed a copy of the application for no-fault benefits in which plaintiff's assignor swore, under penalty of perjury, that she was the owner of the vehicle in which she was a passenger at the time of the accident. As a result, MVAIC made a prima facie showing that plaintiff's assignor is not a "qualified person" (Insurance Law § 5202 [b]), because she was an owner of the vehicle in which she was a passenger at the time of the accident (see Vehicle and Traffic Law § 128; Insurance [*2]Law §§ 5102 [e]; 5202 [b]). Consequently, plaintiff's assignor was not eligible to be deemed to be a "covered person" (Insurance Law § 5221 [b] [2]) who would be entitled to recover no-fault benefits from MVAIC. In opposition, plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]; see also Maiga Prods. Corp. v MVAIC, 68 Misc 3d 131[A], 2020 NY Slip Op 50993[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As a result, MVAIC's motion for summary judgment dismissing the complaint should have been granted (see Longevity Med. Supply, Inc. v MVAIC, 83 Misc 3d 132[A], 2024 NY Slip Op 51164[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). In light of the foregoing, we reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed, defendant's motion for summary judgment dismissing the complaint is granted and the provision limiting the issues for trial is stricken.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2025